**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNNECTICUT**

|  |  |
|---|---|
| RAIMUNDO SOBRINHO, on behalf of himself and all others similarly situated, ) ) ) | C.A. No. 3:23-cv-883 |
| Plaintiffs, ) ) |  |
| v. ) ) | JURY DEMANDED |
| N.S.J CONSTRUCTION, INC, and NELSON DASILVA, JR. ) ) ) ) |  |
| Defendants. ) ) |  |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1.      Plaintiff Raimundo Sobrinho brings this action on behalf of himself and on behalf of other similarly situated employees of N.S.J Construction, Inc. ("N.S.J."), which is owned and operated by Nelson DaSilva, Jr. (together, "Defendants"). Plaintiff Sobrinho and similarly situated employees (collectively "Plaintiffs") have worked for Defendants performing construction services in Connecticut.

2.      Plaintiff and the class of workers he seeks to represent regularly worked more than forty hours per week for Defendants. However, Defendants failed to pay them overtime premiums in violation of the Fair Labor Standards Act, 20 U.S.C. § 201, *et seq*, and the Connecticut Minimum Wage Act, Conn. Gen. Stat. § 31-58, *et seq*. Defendants also have a practice of withholding or diverting wages due in violation of Conn. Gen. Stat. § 31-71E. Plaintiff brings these claims on behalf of himself and on behalf of all others similarly situated in

the State of Connecticut under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23.

3. Plaintiff also brings collective claims under the FLSA in connection with Defendants unlawful threats against Plaintiffs in response to workers' complaints that Defendants failed to pay overtime wages. See generally Greathouse v. JHS Sec. Inc., 784 F.3d 105, 107 (2d Cir. 2015) (FLSA's anti-retaliation provision encompasses oral complaints made to an employer by employees).

4. Plaintiff Sobrinho also asserts individual claims for minimum wage violations based on Defendants' failure to pay Plaintiff in violation of state and federal wage protection statutes. Plaintiff also, or in the alternative, pleads an individual claim for unjust enrichment based on Defendants' failure to pay him for his labor.

## PARTIES

5. Plaintiff Raimundo Sobrinho is an adult resident of Torrington, Connecticut. Since approximately 2008 to March 2023, Sobrinho had worked for Defendants in Connecticut as a construction worker. During the relevant time, he was Defendants' employee as that term is defined under the FLSA and Conn. Gen. Stat. § 31-71a.

6. Defendant N.S.J Construction is a corporation incorporated under the laws of Connecticut with its principal place of business in New Milford, Connecticut. N.S.J Construction is a general contractor that employs individuals, including Plaintiff, as construction workers who perform work in Connecticut.

7. Defendant Nelson DaSilva, Jr. (hereinafter "DaSilva") is the owner and operator of N.S.J Construction and supervisor of Plaintiff and all other employees. He is a statutory employer of Plaintiffs as the term is defined under the FLSA and Conn. Gen. Stat. § 31-71a.

8. Defendants N.S.J Construction and DaSilva are "employers" under the FLSA pursuant to 29 U.S.C. § 203(d) and Connecticut wage laws pursuant to Conn. Gen. Stat. § 31-71a.

## JURISDICTION AND VENUE

9. The Court has original jurisdiction over the FLSA claims asserted in this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

10. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (c), because Plaintiff and Defendants are residents of Connecticut, Plaintiff was employed by Defendants in Connecticut, and Defendants conduct business in Connecticut.

## FACTS

12. N.S.J Construction provides general contracting in residential construction in and around New Milford, Connecticut. Defendant has marketed its services as including "[c]ustom home building, Roofing, Side, Window replacement and more!"

13. Nelson DaSilva, Jr. is the owner of N.S.J Construction. In that capacity, he manages the daily operations of N.S.J Construction, assigning work, scheduling, supervising project contracts, hiring and firing, and compensating N.S.J construction workers for their labor.

14. Defendants employ numerous construction workers to perform construction services in the State of Connecticut.

15. From approximately 2009 to March 2023, Plaintiff was employed by Defendants working full time to perform a variety of construction services at residential worksites in Connecticut, including carpentry and woodworking.

16. Plaintiff was typically paid net wages equaling approximately $25 per hour for his work as construction workers. However, Defendants failed to keep accurate and complete records of their hours of work and pay records, consistent with the proscribed requirements of the FLSA and Connecticut state law.[1] See 29 U.S.C. § 211(c); Conn. Gen. Stat. § 31-66.

17. Plaintiff and other employees of Defendants often worked over forty hours a week, including often on weekends, yet received no overtime premiums for any hours worked in excess of forty per week.

18. Accordingly, Defendants failed to pay Plaintiffs time and a half for hours worked in excess of forty hours a week.

19. Plaintiff and other construction workers often worked at least twelve hours per day working for Defendants.

20. For example, within the past three years Plaintiff Sobrinho often worked 6 or 7 days per week, and often at least 12 hours per day, working for Defendants on construction jobs chiefly in New Milford, CT and the Greater Danbury Area. Plaintiff was never paid any overtime wages for hours worked in excess of forty hours per week.

21. Until Plaintiff stopped working for Defendants on or around March 24, 2023, he worked every week or nearly every week during the claims period. He always (or almost always) worked more than forty hours per week during his employment.[2]

---

[1] The precise amount and manner that Defendants paid Plaintiff and other construction workers during the claims period varied during the course of the claims period at issue. However, as set forth herein, Plaintiff and the class he seeks to represent were never paid overtime wages for any work in excess of forty hours per week.

[2] As another example, Plaintiff recalls working approximately weeks in a row without a day off during the claims period. He worked well beyond forty hours per week in each of those work weeks.

22.     Defendants also failed to pay Plaintiffs all of their wages due, in compliance with Connecticut wage laws, and often withheld wages due. For example, Defendants would tell Plaintiffs they would get paid for their previous work at some later date or after some future project, but they were not always paid in full or in a timely manner.

23.     Plaintiffs have often complained about the long hours and lack of overtime and/or complete pay to Defendants. For example, Plaintiff recalls a class member complaining that he routinely worked past 7pm or 9pm each workday, but never received overtime payments. In response to complaints from workers, including Plaintiff Sobrinho, Defendant DaSilva, Jr. has threatened Defendants' workers by stating that if they stopped working, Defendants would falsely allege to the police that the workers stole construction materials (and/or disparage them to other construction companies so that they would have difficulty finding other employment). These threats were made to Plaintiff Sobrinho and to his colleagues.

24.     In the approximately 15 years that Plaintiff Sobrinho worked for Defendants, he was never paid overtime premiums by NSJ Construction because Defendants have a practice or policy of failing to pay its construction workers overtime payments.

25.     Between approximately July 2022 and the end of his employment with N.S.J in approximately March 2023, Defendants failed to pay Plaintiff tens of thousands of dollars in wages for his labor during this period of time, for the asserted (but unlawful) reason that Defendants could refuse to pay Plaintiff and withhold his pay because Defendant DaSilva, Jr. had provided Plaintiff with a loan to buy a house.[3]

---

[3]  The withheld and unpaid wages far exceed the monthly mortgage payment of approximately $980.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this class action lawsuit under Fed. R. Civ. P. 23 on behalf of all individuals who have been employed for Defendants in the state of Connecticut and did not receive overtime wages for hours worked in excess of forty per week.

27. The members of the class are so numerous that joinder of all of them is impracticable, and treatment of a class action is the superior method to adjudicate the class members' claims. Moreover, Plaintiff will show at the class certification stage that workers fear retaliation and thus joinder of the class members in this case is impracticable.

28. There are issues of law and fact common to all class members because Defendants have unlawfully deprived them over overtime wages. These questions of law and fact predominate over any questions affecting only individual class members.

29. The named plaintiff and class counsel will fairly and adequately represent the interests of the class.

30. Plaintiff also asserts claims under the FLSA on behalf of all similarly situated workers for Defendants in Connecticut.

31. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and other putative collective members worked pursuant to the common policies or practices described above under which Defendants did not provide any overtime pay when employees worked more than forty hours per week. Therefore, they are "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

## COUNT I

**COLLECTIVE ACTION AND INDIVIDUAL CLAIMS FOR FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF FLSA**

32. Plaintiff and other employees regularly worked over forty hours a week with no overtime wage.

33. Defendants failed to pay Plaintiff and the members of the putative FLSA collective at the rate of one-and-a-half times their regular rate of pay for all hours worked more than forty hours weekly as required by the FLSA, 29 U.S.C. § 207(a).

34. Plaintiffs and the members of the Plaintiffs class are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to the FLSA, 29 U.S.C. § 216(b).

35. The failure of Defendants to compensate Plaintiffs and the members of the Plaintiffs class for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

36. Plaintiffs and the members of the Plaintiffs class are also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

37. Plaintiffs and those similarly situated are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

**CLASS AND INDIVIDUAL CLAIMS FOR FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CONN. GEN. STAT. § 31-76C**

38. Plaintiffs and the members of the proposed Rule 23 class routinely worked in excess of forty (40) hours per workweek for Defendants.

39. Defendants failed to pay Plaintiffs and members of the putative Rule 23 class at a rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty as required by Conn. Gen. Stat. § 31-76c.

## COUNT III

### CLASS AND INDIVIDUAL VIOLATIONS OF CONN. GEN. STAT. § 31-71E FOR UNPAID OR WITHHELD WAGES

40. By the acts described above, Defendants diverted or withheld wages due to Plaintiffs in violation of Conn. Gen. Stat. § 31-71e.

## COUNT IV

### COLLECTIVE AND INDIVIDUAL VIOLATIONS OF THE FLSA'S ANTI-RETALIATION PROVISIONS

41. By the acts described above, Defendants have violated the FLSA's anti-retaliation provision, 29 U.S.C. § 215.

## COUNT V

### INDIVIDUAL VIOLATIONS OF FLSA'S MINIMUM WAGE PROTECTIONS

42. By the acts described above, Defendants did not pay Plaintiff the minimum wage for his work as required by the FLSA, 29 U.S.C. § 206(a) throughout the course of his employment, including between July 2022 and March 2023 during which Defendants paid Plaintiff no wages whatsoever.

43. Defendants refused to pay all employees the required minimum wage, in violation of 29 U.S.C. § 206(a).

## COUNT VI

### INDIVIDUAL VIOLATIONS OF CONNECTICUT'S MINIMUM WAGE PROTECTIONS

44. By the acts described above, Defendants did not pay Plaintiff at least the minimum wage for all hours worked in violation of Conn. Gen. Stat. § 31-60.

## COUNT VII

## CLASS AND INDIVIDUAL UNJUST ENRICHMENT

45. By the act described above, Defendants received the benefits of Plaintiffs' labor and were unjustly enriched to the detriment of Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs asks this honorable Court to enter the following relief:

a. An Order granting certification of this case as an FLSA collective action and permitting notice to be sent to potential Opt-in Plaintiffs;

b. An order certifying a class of similarly situated individuals who have been subject to the violations described herein who worked in Connecticut pursuant to Fed. R. Civ. P. 23;

c. An award of damages for all unpaid wages, expenditures, costs, deductions, benefits, or other losses resulting from Defendants' failure to pay overtime and minimum wage and withholding of wages, as described in this Complaint;

d. Doubling of damages under Connecticut law

e. Statutory penalty and liquidated damages, pursuant to Connecticut law and the FLSA;

f. Attorneys' fees, costs, and prejudgment interest; and

g. Such other legal and equitable relief as the Court deems just and proper.

Dated: July 3, 2023            Respectfully Submitted,

RAIMUNDO SOBRINHO
on behalf of himself and all
others similarly situated,

By his Attorneys,

*/s/ Zachary L. Rubin*_____
Zachary L. Rubin, (ct30192)
Harold L. Lichten, (*pro hac vice anticipated*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
(617) 994-5800
zrubin@llrlaw.com
hlichten@llrlaw.com

10